**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**


**REGINAL STEEN,**                                                     **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:08CV32-M-A**

**COMMISSIONER OF SOCIAL SECURITY,**                     **DEFENDANT**


**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's application for a period of disability (POD) and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned has the authority to issue this opinion and the accompanying final judgment.

The plaintiff Reginald Steen was born on September 13, 1967 and was 40 on the day of his hearing before the Administrative Law Judge (ALJ), September 13, 1967. He completed the ninth grade in school. His employment experience consists of general laborer type work as a bench carpenter and spring assembler. (Tr. 17.) The plaintiff filed his applications for POD, DIB, and SSI benefits on June 16, 2006, alleging a disability onset date of June 13, 2006 due to tendinitis in his right hand and swelling in his left hand. (Tr. 137). Plaintiff's requests for benefits were denied at the initial and reconsideration stages, and he sought timely review from

an ALJ.  In an opinion dated October 30, 2007, the ALJ found the plaintiff was not under a disability and denied his request for benefits. (Tr. 19).  After consideration, the Appeals Council denied review, and plaintiff timely appealed to this court.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1994).[5]  Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6]  If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity,

---

[1]*See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b) (1996) & 416.920(b) (1996).

[4]20 C.F.R. §§ 404.1520(b) (1996) & 416.920(c) (1996).

[5]20 C.F.R. §§ 404.1520(d) (1996) & 416.920(d) (1996). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525 (1996) & 416.925 (1996).

[6]20 C.F.R. §§ 404.1520(e) (1996) & 416.920(e) (1996).

age, education and past work experience, that he is capable of performing other work.[7]  If the

Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the

chance to prove that he cannot, in fact, perform that work.[8]

In his decision, the ALJ found that the plaintiff suffers from "severe" impairments,

including status left hand surgeries secondary to abscesses, deQuervain's tenosynovitis, back and

neck strain and depression.  (Tr. 11, Finding No. 3).  However, he determined that the that these

impairments failed to meet or equal a listed impairment under Appendix 1 to the Regulations.

(Tr. 12, Finding No. 4).  He discounted plaintiff's subjective complaints, finding that the

plaintiff's testimony regarding his pain level, limitations of daily functioning, depression, past

drug and alcohol use, and other physical problems such as hemorrhoids, were not supported by

objective medical evidence and therefore not entirely credible.  (Tr. 14 - 17).  At step four, the

ALJ concluded that the plaintiff was unable to perform his past relevant work, but that he

retained the residual functional capacity to perform sedentary work, with some limitations, and

that plaintiff would miss one day of work per month due to depression.  (Tr. 13, Finding No. 5).

Based on this RFC, the ALJ found, st step five of the evaluation process, that the plaintiff

retained the ability to perform other work found in significant number in the national economy.

On appeal to this court the plaintiff contends that (1) the ALJ erred in not finding that the

plaintiff had a mental impairment under Listing 12.04, specifically arguing that the plaintiff

meets the "B" criteria, (2) that for the ALJ to find that the "B" criteria were not met requires that

the ALJ substituted his opinion for the evidence in the record, or in the alternative, failed to

---

[7]20 C.F.R §§ 404.1520(f)(1) (1996) & 416.920(f)(1) (1996).

[8]*Muse*, 925 F.2d at 789.

properly develop the record in order to obtain necessary evidence, (3) the ALJ failed to address the combined effect of plaintiff's impairments, and (4) the government did not meet its burden of proof at step five of the evaluation process.

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

## I.  Whether the ALJ failed to address the combined effect of plaintiff's impairments

The court has diligently reviewed the record in its entirety and the ALJ's decision in detail and concludes that the plaintiff's argument that the ALJ failed to consider the combined effects of his pain with his anxiety and depression is wholly without merit. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). The ALJ's decision states:

> The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(Tr. 12, Finding No. 4). The decision itself makes clear that the ALJ's finding was not merely a rote statement, but that he considered the testimony and the record as a whole, considering each

of the plaintiff's impairments individually, as well as the effect of these limitations in combination to determine whether they resulted in limitation of his daily living and work ability and activity.  Finally, the ALJ's RFC determination was substantially more favorable to plaintiff than plaintiff's doctors, who had released him to regular duty or light work, thus illustrating the ALJ's consideration of all relevant factors upon plaintiff's ability to work.  Accordingly, the court holds that the plaintiff's argument in support of this issue must fail.

## II.  Listing 12.04

Plaintiff argues that the ALJ erred in not finding that his impairments met or equaled Listing 12.04A because there is evidence from treating and consulting physicians finding that the plaintiff has "major depression."  This depression ["A" criteria], says plaintiff, together with Communicare records finding he is "seriously mentally ill" and Dr. Charles Small's opinion that he "appears to have a combination of physical problems, as well as depression that markedly diminishes his ability to make enduring efforts toward repetitive tasks in a timely fashion" mean that plaintiff meets the "B" criteria of the Listing.  (Tr. 306, 316). The Listing provides:

> 12.04  Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> 1. Depressive syndrome characterized by at least four of the following:

a. Anhedonia or pervasive loss of interest in almost all activities; or
b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions or paranoid thinking;  . . .

And

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, Rule 12.04A.

Defendant responds that the criteria of the medical listings are demanding and stringent, that it is plaintiff's burden to prove by medical findings that his impairment meets each of the criteria for the equivalent impairment determination under the listings, and that plaintiff has failed to meet this burden.  *See Falco v. Shalala,* 27 F.3d 160 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

The record supports the ALJ's decision that the plaintiff does not meet the criteria required by Listing 12.04.  To meet the listing, a claimant must satisfy the requirements set out in subsection C or those in both subsections A and B.  The ALJ found that "C" criteria were not present.  Concluding that plaintiff did meet the "A" criteria, the ALJ went on to hold that  "[t]he claimant's mental impairment does not meet or medically equal the criteria of listing 12.04" because he did not meet the "B" criteria  (Tr. 12).

The ALJ found that the plaintiff had only "mild" restrictions of his activities of daily living; "moderate" difficulties in the area of social functioning and "moderate" limitation in the areas of maintaining concentration, persistence or pace; and no episodes of decompensation. (Tr. 12 - 13). As to subsection B.1., he noted that plaintiff testified and stated on disability forms that his limitations in daily living were attributable to physical pain and impairments. He further found as to subsection B.2. that even though the plaintiff prefers to be alone, his relationship with his family, his attendance at church and his appropriate interaction with his treating care providers and with evaluating consultants demonstrate adequate social functioning. In addition, medical examinations failed to show plaintiff had any limitations on his ability to interact with other or any other limitations in this area. And in considering subsection B.3., although he afforded weight to Dr. Small's opinion that combined mental and physical impairments "markedly diminish[]" the plaintiff's abilities in endurance and repetitive tasks, the ALJ balanced that opinion against the lack of evidence of any limitations on maintaining attention and concentration and found plaintiff had only moderate limitations in the area of persistence, pace and endurance. Faced with no record evidence of mental health treatment before 2007 and no medical evidence of repeated episodes of decompensation, the ALJ concluded that plaintiff could not satisfy subsection B.4. *Id.*

Plaintiff's chief argument is that Dr. Small, a psychological consultative examiner, reported that plaintiff has a combination of physical problems and depression that "markedly diminishes his ability to make enduring efforts toward repetitive tasks in a timely fashion." (Tr. 316). He contends that the ALJ overlooked Dr. Small's report, or in the alternative, substituted his own lay opinion for that of Dr. Small, necessitating the court's finding that the decision was

not based on substantial evidence.  Plaintiff further argues that  testimony at the hearing and medical records from Communicare show he had marked difficulties in maintaining social functioning and marked restriction of activities of daily living. (Docket 9, pp. 7-8, see also Tr. 33, 38, 39, 306, 309).

Each of the ALJ's findings is founded upon testimony or medical evidence in the record. The ALJ's determination that the plaintiff did not meet the "B" criteria is therefore supported by substantial evidence and should be affirmed.  Not only did the ALJ address Dr. Small's opinion specifically in his decision, he afforded it "significant weight" and noted that it was supported by Communicare's records.  (Tr. 17.)  However, because Dr. Small did not quantify specific limitations on the plaintiff's endurance, and because his opinions were based on plaintiff's subjective complaints that were not otherwise supported by medical evidence, the doctor's opinion was not controlling.  *Id.*  Finally, the ALJ noted that even Dr. Small found the plaintiff able to manage funds, understand directions and communicate well.  *Id.*  Accordingly, the ALJ declined to afford weight to Dr. Small's opinion in these specific areas.  *Id.*

The court must consider objective medical facts, diagnoses and opinions of treating and examining physicians, plaintiff's subjective evidence of pain and disability, his age, his education, and his work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam), citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).   While an ALJ is afforded discretion when reviewing facts and evidence, he or she is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision

is not supported by substantial evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Nevertheless, in this case it is clear that the ALJ carefully considered the medical evidence, including opinions by Dr. Small, plaintiff's treating physician Dr. Cooper Terry,  and that of a bone and joint specialist, Dr. Kenneth Grinspun.

Although an ALJ has sole responsibility for determining a claimant's disability status, he is free to reject the opinion of any physician when the evidence supports a contrary  conclusion. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th  Cir. 1990);  *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th  Cir. 1987).  When a physician's opinion which is conclusory,  unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or otherwise unsupported by the evidence, there may exist good cause for an ALJ to discount the weight of evidence of the treating or examining physician relative to other evidence.  *Newton v. Afpel*, 209 F.3d 448, 456 (5th  Cir. 2000).

In considering the medical evidence before him, the ALJ specifically considered that plaintiff's statements to Dr. Terry about his pain were contrary to Dr. Terry's medical opinions and observations about the plaintiff's hand (Tr. 257).  He noted  Dr. Grinspun's doubts that plaintiff's subjective complaints of pain were genuine (Tr. 284-285) and that plaintiff made untrue statements to Communicare regarding history of substance abuse (Tr. 310 - 312).  In addition, plaintiff made other contradictory or false statements.  The ALJ viewed all this evidence  in accordance with applicable regulations and determined that plaintiff was not entirely credible.  (Tr. 13 - 17).  Therefore, it is reasonable that the ALJ discounted Dr. Small's opinion

that plaintiff's mental and physical complaints "markedly deminish[] his ability to make enduring efforts toward repetative tasks in a timely fashion." There is more than ample evidence in the record to contradict this portion of Dr. Small's opinion, and the ALJ was free to afford more weight to the treating physicians in this specific area. *Oldham v. Schweiker* 660 F.2d 1054, 1057 (5th Cir. 1987). A review of the other medical evidence of record indicates that the ALJ's determination is fully supported by the record.

Plaintiff argues alternatively that the ALJ should have more fully developed the record. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification *will* be sought  [emphasis added by the court] when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1). The plaintiff does not specifically point to any one physician that he believes should have been recontacted or what evidence should have been more fully developed. Presumably it is Dr. Small's opinion to which the plaintiff refers. As the court has held that the ALJ properly considered Dr. Small's opinion, afforded it greater weight in regard to some areas and lesser weight in other areas, and cited specific regulations and evidence related to those regulations, the court concludes that plaintiff's argument on this point is without merit and should be denied.

### III.  Jobs in the National Economy for Plaintiff at Step Five

The familiar Five-Step evaluation process found at 20 CFR §§ 404.1520 and  416.920

provides that:

> Although the claimant generally continues to have the burden of proving disability at [step five], a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education and work experience.

In this case, the ALJ determined that in light of the medical evidence the plaintiff had no loss of functioning in his hands, and the physicians who examined him had released him to return to work with no restrictions. (Tr. 16-17). Nevertheless, based on the plaintiff's testimony regarding his abilities and other medical evidence, the ALJ determined that the plaintiff could not return to his past relevant work but retained the residual function capacity to perform sedentary work, with certain limitations. (Tr. 13). He also found that the plaintiff would miss one day of work per month due to depression. *Id.* In reliance upon the testimony of a vocational expert ("VE"), the ALJ determined that the plaintiff was able to perform jobs that exist in significant numbers in the national economy, including a food checker, taxi cab dispatcher and surveillance monitor. (Tr. 10).

The plaintiff argues that although the VE testified that jobs do exist in the national economy that the plaintiff could perform, when he was questioned using the same hypothetical – but adding Dr. Small's opinion that plaintiff's mental and physical impairments, particularly his pain, markedly diminishes his ability to make enduring efforts toward repetitive tasks in a timely fashion – the VE testified that there would be no jobs that exist which the plaintiff could perform. (Tr. 55). Because the administration failed to meet its burden, says plaintiff, the ALJ's decision was not supported by substantial evidence.

As previously stated, substantial evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d at 633.  When the ALJ's decision is supported by  substantial evidence, it is conclusive and must be affirmed.  *Paul v. Shalala,* 29 F.3d at 210.  Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The court understands the plaintiff's argument, but the court has found that the ALJ properly afforded lesser weight to Dr. Small's opinion on this issue because he did not quantify specific limitations on the plaintiff's endurance and based his opinions on plaintiff's otherwise unsupported subjective complaints.  The court, having considered the other medical evidence regarding this issue, holds that the ALJ properly made his findings, and the Administration met its burden of proof at step five.   *Bradley v. Bowen*, 809 F.2d at 1057.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 30th  day of June, 2009.

 /s/ S. ALLAN ALEXANDER_____
UNITED STATES MAGISTRATE JUDGE